127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gregory C. HALSEY, Plaintiff-Appellant,
v.
CALIFORNIA ENERGY COMPANY, INC., and Does I-XX, inclusive,
Defendant-Appellee.
 No. 96-16229.
 United States Court of Appeals, Ninth Circuit.
 Oct. 16, 1997.
As Amended Nov. 19, 1997
 
 Appeal from the United States District Court for the Eastern District of California, No. CV 95-05950-REC/DLB; Robert E. Coyle, Chief District Judge, Presiding.
 Before: ALDISERT,** SNEED and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gregory C. Halsey appeals the district court's summary judgment in favor of California Energy Company, Inc. ("CECI"). The district court granted summary judgment in favor of CECI on all three of Halsey's claims: (1) wrongful termination in violation of California public policy; (2) termination of an implied employment contract without good cause; and (3) breach of the implied covenant of good faith and fair dealing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A. Wrongful Termination In Violation Of Public Policy
 
 1. Burden Allocation
 
 4
 Halsey argues the district court erroneously shifted the burden onto him to establish that CECI's stated reasons for his termination were pretextual. Halsey contends the district court improperly applied the shifting burdens used in federal civil rights cases.
 
 
 5
 While Halsey is correct that the district court relied on civil rights cases in discussing his claims, his argument fails because the standard articulated by the court in addressing these claims was functionally equivalent to the standard for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.
 
 
 6
 CECI produced evidence that Halsey's poor job performance was the reason for his termination. In order to establish a genuine issue of material fact, Halsey had to come forward with some evidence to support his assertion that CECI's reason for firing him was false or pretextual. The district court did not improperly shift the burden to Halsey.
 
 2. Causal Link
 
 7
 Halsey contends the district court erred by holding that he failed to demonstrate a genuine issue of material fact regarding a causal link between the protected activity and his termination. We disagree.
 
 
 8
 Halsey's job was to report on matters affecting the environment. He did so. His final employment review, however, was below satisfactory. He was later terminated. His termination followed his reports, but that was not surprising inasmuch as it was his job to make the reports.
 
 
 9
 Halsey's allegations in support of his contention that he was fired for engaging in protected activity are speculative at best and lack specificity. Perhaps his strongest claim is that he was "demoted" after he reported dead vegetation near an unmonitored vent. That claim, however, was refuted by evidence presented by CECI that Halsey's supervisor was merely replaced, while Halsey's pay and duties remain unchanged. There was no demotion.
 
 
 10
 Halsey was eventually fired, but he produced no evidence of a causal link between what he contends was "protected activity" and his termination. We affirm the district court's summary judgment on this ground and do not reach the question whether Halsey ever engaged in "protected activity."
 
 B. Implied Contract
 
 11
 The district court determined that no implied contract existed and, in any event, Halsey was fired for good cause.
 
 
 12
 Under California law, it is presumed that employment with an unspecified term may be terminated at will unless the parties offer contrary evidence that the employee could only be discharged for good cause. Pugh v. See's Candies Inc., 116 Cal.App.3d 311, 324-25, 171 Cal.Rptr. 917, 930-31 (1981).
 
 
 13
 The district court correctly determined that Halsey did not present evidence of a "for cause" implied contract. His employment, therefore, was at will and CECI could fire him without cause.
 
 C. Covenant of Good Faith and Fair Dealing
 
 14
 An at-will employment relationship contains no covenant of good faith and fair dealing under California law. Foley v. Interactive Data Corp., 47 Cal.3d 654, 657, 254 Cal.Rptr. 211, 214 (1988). Accordingly, the district court did not err in granting summary judgment in favor of CECI on this claim.
 
 
 15
 AFFIRMED.
 
 
 
 **
 Hon. Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3